## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-59-D |
| | ) | |
| BARRY B. JACKSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant's Motion to Declare 18 U.S.C. § 922(g)(9) Unconstitutional Under the Second Amendment and to Dismiss the Indictment [Doc. No. 22]. The government has filed its Response [Doc. No. 30], and the parties have filed supplemental briefs to address the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).   *See* Def.'s Corrected Suppl. Br. [Doc. No. 37]; Pl.'s Suppl. Br. [Doc. No. 38]; Def.'s Reply Br. [Doc. No. 42]. Upon consideration, the Court rules on the Motion as follows.

Defendant stands charged in a one-count Indictment of knowingly possessing two firearms after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Defendant seeks a determination that § 922(g)(9) is facially unconstitutional because it infringes an individual's fundamental right under the Second Amendment to possess and carry firearms, and if successful, he seeks a dismissal of the charge against him under an unconstitutional statute. Defendant bases his Second Amendment challenge on *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald*

*v. City of Chicago*, 561 U.S. 742 (2010), and now *Bruen*. The government contends § 922(g)(9) does not violate the Second Amendment and thus Defendant can lawfully be prosecuted for violating the statute. The government cites appellate court decisions, including Tenth Circuit decisions, upholding provisions of § 922(g) after *Heller*, relies on dicta in *Bruen* suggesting § 922(g) is not affected by the decision, and argues by analogy that a post-*Bruen* decision upholding § 922(g)(3) is persuasive.   *See United States v. Daniels*, No. 1:22-cr-58-LG-RHWR-1, 2022 WL 2654232 (S.D. Miss. July 8, 2022) (to be published).   Defendant urges the Court to reject the government's arguments on all points.

## Standard of Decision

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to challenge an indictment before trial where a "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Todd,* 446 F. 3d 1062, 1067 (10th Cir. 2006). Here, Defendant does not dispute that the Indictment states an offense under § 922(g)(9), but instead challenges the statute as unconstitutional on its face. This issue can properly be decided as a matter of law before trial.

## Discussion

In 2008, the Supreme Court recognized an individual right under the Second Amendment to possess firearms in common use, such as handguns, for traditionally lawful purposes, such as self-defense within the home.   *See Heller*, 554 U.S. at 592, 627. The

Court found in *McDonald* that this right is fundamental and applies to the states under the Due Process Clause of the Fourteenth Amendment. *See McDonald*, 561 U.S. at 778. Under those decisions, the Tenth Circuit has consistently upheld the constitutionality of § 922(g) generally and subsection (9) specifically. *See United States v. Huitron-Guizar,* 678 F.3d 1164, 1169 (10th Cir. 2012) (§ 922(g)(5)); *United States v. Reese,* 627 F.3d 792, 800 (10th Cir. 2010) (§ 922(g)(8)); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (§ 922(g)(1)); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished) (§ 922(g)(9)); *United States v. Richard*, 350 F. App'x 252, 260-61 (10th Cir. 2009) (unpublished) (§ 922(g)(3)).

Thus, the first question presented by Defendant's Motion is whether the Supreme Court's decision in *Bruen* constitutes an intervening decision that relieves this Court of its obligation to follow Tenth Circuit authority that otherwise binds district courts within this circuit. The Court finds that *Bruen* is clearly such a decision. *See United States v. Doe*, 865 F.3d 1295, 1298-99 (10th Cir. 2017) (circuit precedent is no longer binding "when the Supreme Court issues an intervening decision that is contrary to or invalidates our previous analysis") (internal quotation omitted).

After *Heller*, most federal appellate courts applied a two-step framework using a means-end analysis to determine the constitutionality of § 922(g)'s restrictions on Second Amendment rights. The Tenth Circuit had employed this framework in recent cases. *See Reese*, 627 F.3d at 800-04; *Huitron-Guizar*, 678 F.3d at 1169. Earlier, it had simply followed dictum in *Heller* indicating that statutes such as § 922(g) were unaffected by the holding of that case. *See McCane*, 573 F.3d at 1047; *United States*, 578 F.3d at 1219-20;

*see also McCane*, 573 F.3d at 1047-48 (Tymkovich, J. concurring) (expressing concern about "possible tension between *Heller*'s dictum and its underlying holding").[1]  In *Bruen*, the Supreme Court rejected means-end scrutiny and abrogated decisions that employed it. *See Bruen*, 142 S. Ct. at 2126-27. The Supreme Court adopted the following standard for applying the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation.

*Id*. at 2129-30.

Turning to the issues presented by Defendant's Motion, the Court must determine whether the Second Amendment's plain text covers Defendant's conduct and, if so, whether the government has demonstrated that § 922(g)(9) is consistent with the United States' historical tradition of firearm regulation. The Court concludes that the answer to the first question is yes. The Second Amendment "protect[s] the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense" and "an individual's right to carry a handgun for self-defense outside the home."   *Bruen*, 142 S. Ct. at 2122. The government argues based on the reference to law-abiding citizens that the Second

---

[1]   The Supreme Court reiterated *Heller*'s dictum in *McDonald*, 561 U.S. at 786 (citation to *Heller* omitted):

> We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."   We repeat those assurances here.

Amendment rights recognized in *Heller* and *Bruen* do not apply to individuals with prior criminal convictions, including ones involving misdemeanor domestic violence offenses. *See* Suppl. Resp. Br. at 3-4. This argument ignores the Supreme Court's emphasis on an individual's conduct, rather than status, to decide if Second Amendment protection exists. This Court declines to read into *Bruen* a qualification that Second Amendment rights belong only to individuals who have not violated any laws.[2]

Section 922(g)(9) prohibits any person convicted of a "misdemeanor crime of domestic violence" as defined § 921(a)(33), from possessing a firearm, even for a lawful purpose such as self-defense. Because the Second Amendment presumptively protects the proscribed conduct, the government must establish that the statute is consistent with a historical tradition of firearm regulation. The government attempts to do so with broad arguments that do not address a history of firearm possession by domestic violence offenders. The government instead relies on restrictions historically imposed on felons and adopts the analogy to surety laws discussed in *Bruen*.   *See* Suppl. Resp. Br. at 5-6.

This approach is understandable. Legal scholars have commented on the paucity of evidence that American traditions reached within the home to interfere with domestic relationships, particularly the marital relationship.   *See*, *e.g.*, Joseph Blocher, *Domestic Violence and the Home-Centric Second Amendment*, 27 Duke J. of Gender Law & Policy

---

[2]   Contrary to the government's suggestion, the district court in *Daniels* did not hold that the Second Amendment protects only law-abiding citizens.   The court "note[d] for the purpose of comprehensiveness" the existence of "some doubt" that the Second Amendment covers individuals who are not law-abiding citizens.   *Daniels*, 2022 WL 2654232 at *2.   But the court's holding was "that section 922(g)(3) regulates conduct which is facially covered by the plain text of the Second Amendment."   *Id.*

45, 55-56 (2020) ("In the context of domestic violence prohibitions, the historical record is problematic to say the least."); Carolyn B. Ramsey, *Firearms in the Family*, 78 Ohio St. L.J. 1257, 1301 (2017) ("Historical support for the exclusion of domestic violence offenders from Second Amendment protection appears rather thin.").   Indeed, in the United States, the common law recognized until the mid-1800's a "right of chastisement" that allowed husbands to inflict corporal punishment on their wives.   *See* Blocher, *supra*, at 56 (citing Mary Anne Franks, *The Cult of the Constitution*, 77 (2018); Reva B. Siegel, *"The Rule of Love": Wife Beating as Prerogative and Privacy*, 105 Yale L.J. 2117, 2121-41 (1996)).

Despite a desire for greater specificity, the Court finds that the government's reliance on general historical tradition is sufficient to satisfy its burden to justify the firearm regulation of § 922(g)(9).   *Bruen* teaches that the "historical inquiry that courts must conduct will often involve reasoning by analogy" and "determining whether a historical regulation is proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'"   *Bruen*, 142 S. Ct. at 2132. The Court identified "two metrics" that would render regulations relevantly similar under the Second Amendment: "how and why the regulations burden a law-abiding citizen's right to armed self-defense."   *Id*. at 2132-33. If one accepts the dictum in *Heller* on which courts have repeatedly relied, a "longstanding prohibition" supported by historical tradition is one "on the possession of firearms by felons."   *See Heller*, 554 U.S. at 626. Domestic violence misdemeanants can logically be viewed as "relevantly similar to felons" who should be "denied weapons for the same reasons."   *See* Blocher, *supra*, at

56.   To be sure, if numerous nonviolent felony offenses carry the resultant prohibition on gun possession, it would be incongruous to give different treatment to misdemeanants convicted of a violent offense, including domestic violence.

Notably, the Supreme Court has repeatedly addressed the reach of § 922(g)(9) without questioning its constitutionality.   Most recently, in *Voisine v. United States*, 579 U.S. 686, 692 (2016), the Court held that the statute applies to a misdemeanant who was convicted under an assault statute that encompasses "reckless" conduct. In that case, Justice Thomas opined in dissent that the majority's construction of the statute rendered it unconstitutional, but no other justice joined this part of his opinion or endorsed this view. *See id*. at 715 (Thomas, J. dissenting). Under the circumstances currently presented, where the effect of the Supreme Court's decision in *Bruen* on longstanding criminal prohibitions such as § 922(g) remains unclear, this Court declines to hold that § 922(g)(9) violates the Second Amendment. By his Motion, Defendant has preserved this issue for future decision by higher courts.

## Conclusion

For these reasons, the Court finds that § 922(g)(9) is not unconstitutional on its face and the Indictment is not constitutionally defective.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Declare 18 U.S.C. § 922(g)(9) Unconstitutional Under the Second Amendment and to Dismiss the Indictment [Doc. No. 22] is **DENIED**.

**IT IS SO ORDERED** this 19th day of August, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge